COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Shatish Patel, M.D., Hemalatha Vijayan, M.D., Subodh Sonwalkar, M.D., Wolley Oladut M.D. v. St. Luke's Sugar Land Partnership, L.L.P. and St. Luke's Community Development Corporation-Sugar Land

Appellate case number:    01-13-00273-CV

Trial court case number:   2011-24016

Trial court:                152nd District Court of Harris County

Appellants Shatish Patel, M.D., Hemalatha Vijayan, M.D., Subodh Sonwalkar, M.D., and Wolley Oladut, M.D. have moved for immediate issuance of the mandate in this case and, in the alternative, for temporary relief pending the resolution of the motions for rehearing and reconsideration en banc filed by appellees St. Luke's Sugar Land Partnership, L.L.P. and St. Luke's Community Development Corporation-Sugar Land.

The motion for temporary relief pending the resolution of the motions for rehearing and reconsideration en banc is **GRANTED**, as follows, and appellees St. Luke's Sugar Land Partnership, L.L.P. and St. Luke's Community Development Corporation-Sugar Land are hereby **ordered** to refrain from:

     a. Taking any action to terminate the Partnership Interests or ownership interest of Shatish Patel, M.D., Hemalatha Vijayan, M.D., Subodh Sonwalkar, M.D., and Wolley Oladut, M.D.

     b. Except pursuant to a vote of the partners where Class A Unit holders have the ability to vote, collectively, 49% of the partnership interest, taking any action identified in Paragraph

8.03(h) of the Amended Partnership Agreement, including actions to:

i. Reorganize the Partnership;

ii. Take any action in contravention of the Amended Partnership Agreement;

iii. Make an assignment for the benefit of creditors of the Partnership or file a voluntary petition under the federal Bankruptcy Code or any state insolvency law;

iv. Confess any judgment against the Partnership; or

v. Amend or otherwise change the Amended and Restated Partnership Agreement.

c. Except pursuant to a vote of the Governing Board that includes representatives of Class A Unit holders who are permitted, collectively, to vote 49% of the Voting Interest, taking any action identified in Paragraphs 8.09(a)–(f) of the Amended Partnership Agreement, including actions to:

i. Issue new Units, admit new partners, or substitute partners in the Partnership;

ii. Borrow money in an amount exceeding $250,000 from any third party for any purpose;

iii. Sell, transfer, assign, dispose of, trade, exchange, quitclaim, surrender, release or abandon any Partnership property or interests therein other than in an amount less than $250,000;

iv. Purchase any real property or make, execute, or deliver any deed or long-term ground lease for any real property;

v. Require or call for any additional capital contributions by the partners or approve the amounts and proportions of such additional capital contributions; or

vi. Impose or approve any fundamental or material change to the general business objectives and purpose of the Partnership.

d. Calling a Meeting of Governing Board without providing notice to the Class A Governing Board representatives elected by Class A Unit holders.

Appellants Shatish Patel, M.D., Hemalatha Vijayan, M.D., Subodh Sonwalkar, M.D., and Wolley Oladut, M.D. are **ordered**, jointly and severally, to either (1) execute and file with the trial court clerk a bond payable to the appellees, to be approved by the trial court clerk, in the amount of $10,000, or (2) deposit cash in lieu of the bond into the registry of the trial court. This order is made without prejudice to the appellees presenting any further argument, supported by evidence, to justify requiring additional security. *See* TEX. R. APP. P. 29.3.

Appellants must immediately inform this court in writing when the bond has been filed or the cash has been deposited. This order shall take effect upon the filing of the bond or deposit of the cash in lieu of bond with the district clerk, and it shall terminate upon expiration of this court's plenary power, *see* TEX. R. APP. P. 19.1.

The motion for immediate issuance of the mandate is **DENIED**.

It is so **ORDERED**.


Judge's signature: /s/ Michael Massengale
                             Acting individually


Date: December 13, 2013